ODOM, ARCHIE M., Associate Judge.
On July 11, 1949, one Faulk entered into an agreement with appellee Booth, defendant in the trial court whereby the said Faulk was given the right to hunt for buried treasure on lands owned by appellee, but limited to one excavation.
On May 7, 1951, the said Faulk and ap-pellee Booth entered into an agreement with one Rowe whereby the said Rowe was given authority to hunt for buried treasure on said properties with no limits on the number of excavations but limited to a one year time limit. Rowe abandoned his agreement.
Sometime after April 16, 1954, the said Faulk through an agent started re-excavating but was ordered off the property by appellee Booth.
In October, 1958, the said Faulk assigned his interests in the said agreement between Faulk and appellee Booth to the appellant S}dtes.
On February 26, 1959 appellant filed a complaint of Declaratory Relief in the Circuit Court of Pinellas County, Florida praying for among other things an adjudication to the rights of the parties in said agreement.
On motion for summary judgment the trial -court found for appellee in the following language:
“ * * * The Court, having examined the instrument finds that one excavation, as set out in the written instrument, dated July 11, 1949,- was abandoned and it is the finding of this Court that said instrument and various assignments are now not a lien or interest in the property described in the complaint.
“The Court further finds that the right to excavate for buried treasure would be a personal property right;
“It Is Therefore Ordered, Adjudged and Decreed that the Plaintiff takes nothing and that the defendant goes hence without day.”
At the time appellant moved for summary judgment the Trial Judge had before him appellant’s complaint signed by his attorney, the agreements of July 11, 1949, May 7, 1951 and October of 1958 and an affidavit signed by appellee Booth.
*67 Considering all these instruments in a light most favorable to appellant, there does not appear any facts in controversy; and it further appears that the said Faulk had abandoned his rights in the agreement dated July 11, 1949, and as a consequence thereof, appellant took nothing by the assignment dated October of 1958.
Affirmed.
KANNER, Acting Chief Judge and SHANNON, J., concur.